[Civ. No. 1358.    Second Appellate District.    July 14, 1915.]

## W. E. TRIMLETT et al., Respondents, v. SARAH H. DE COURSEY, Appellant.

MECHANIC'S LIEN—CESSATION OF WORK—TIME OF FILING—CONSTRUCTION OF CODE.—A notice of claim of lien for the value of labor and materials furnished under a contract for the alteration and repair of a dwelling-house filed on the fifty-ninth day following the cessation of work under the contract, is filed in due time under the provisions of section 1187 of the Code of Civil Procedure, as amended in 1911, where such cessation was by mutual consent of both owner and contractors, and followed by immediate acceptance of the work.

ID.—ACTION TO ENFORCE LIEN—FINDINGS—VALUE OF LABOR AND MATERIAL—OMISSION TO INCLUDE SMALL AMOUNT IN JUDGMENT—OWNER NOT INJURED.—Where in an action to enforce such a lien, it is found upon sufficient evidence that the value of the labor and materials furnished prior to the date of the abandonment of the contract by mutual consent of both parties, was a certain amount, and it is further found that after such date the owner used five dollars' worth of materials furnished by the plaintiffs which they had left on the premises, the defendant cannot contend that such findings are conflicting, as in no possible view of the case should she be heard to complain that this amount was not included in the judgment against her.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion for a new trial.    Wm. D. Dehy, Judge presiding.

The facts are stated in the opinion of the court.

A. W. Sorenson, for Appellant.

G. Roy Pendell, and Charles S. Burnell, for Respondents.

CONREY, P. J.—In this action the plaintiffs are seeking to enforce a lien for the value of labor and materials furnished by them, under a contract with the defendant for

alterations and repairs upon a dwelling-house of the defendant situated on a certain lot owned by her in the city of Los Angeles. When the contract had been partly performed the plaintiffs ceased work thereunder. This abandonment of the contract was with the consent of the defendant. From a judgment in favor of the plaintiffs and from an order denying defendant's motion for a new trial, the defendant appeals.

On behalf of appellant it is claimed that the complaint does not state facts sufficient to constitute a cause of action, for the reason that the notice of claim of lien of the plaintiffs was filed on December 8, 1911, whereas they ceased work on the building on September 23, 1911. For the respondents it is answered that the complaint also shows the filing of a sufficient notice by the plaintiffs on November 21, 1911, this being only 59 days after September 23d.

We think that the filing of notice on November 21st was within due time. Both parties rely upon section 1187 of the Code of Civil Procedure, as amended in 1911, [Stats. 1911, p. 1316], which in part reads as follows: "Every original contractor, claiming the benefit of this chapter, within sixty days after the completion of his contract, and every person save the original contractor claiming the benefit of this chapter, within thirty days after he has ceased to labor or has ceased to furnish materials, or both; or at his option, within thirty days after the completion of the original contract, if any, under which he was employed, must file for record with the county recorder of the county or city and county in which such property or some part thereof is situated, a claim of lien . . . ; and, in all cases any of the following shall be deemed equivalent to a completion for all the purposes of this chapter: The occupation or use of a building, improvement, or structure, by the owner, or his representative; or the acceptance by said owner or said agent, of such building, improvement, or structure, or cessation from labor for thirty days upon any contract or upon any building, improvement or structure or the alteration, addition to, or repair thereof; . . ."

Since the complaint alleges that on September 23, 1911, the plaintiffs and the defendant mutually agreed that plaintiffs should cease work on the building, and that the defendant then and there accepted the house, together with the labor and materials used by plaintiffs while making the alterations

and repairs under said contract, it seems clear that under the code section as quoted above the notice of claim of lien filed on November 21st was within due time.

The court did not err in denying appellant's motion for judgment on the pleadings. That motion, so far as insisted upon by the appellant in the argument on appeal, was made upon the ground that the answer to defendant's cross-complaint contained only conjunctive denials, and that some of the denials were made upon information and belief when the facts were or should be peculiarly within the knowledge of the plaintiffs. Although no instances of such defective pleading are specifically pointed out either in the record or in the brief for appellant, we have examined the answer to the cross-complaint and we find that it contains direct denials relating to material matters and not made in conjunctive form.

Appellant's contention that the court erred in permitting the plaintiffs to introduce evidence to meet the evidence which appellant had presented in support of her cross-complaint, rests upon the same weak foundation as does the preceding contention relating to the motion for judgment on the pleadings, and requires no further answer.

Finally it is urged that findings 2 and 6 as filed by the court are in conflict with each other, and that by reason thereof the court was led into the error of allowing plaintiffs for a larger balance in their favor than that to which they were entitled; and that for this reason the decision is against law. In our opinion, the supposed contradiction between these findings does not exist. Presumably upon sufficient evidence, the court found that the value of the labor and materials furnished by plaintiffs for the purposes stated, prior to September 23, 1911, was $622.35, on account of which defendant had paid two hundred dollars and no more. There is a further finding showing that after September 23d the defendant used five dollars worth of materials furnished by plaintiffs which they had left on the premises. In no possible view of the case should the defendant be heard to complain that this amount was not included in the judgment against her.

The judgment and the order denying motion for a new trial are affirmed.

James, J., and Shaw, J., concurred